IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WILLIAM L. GILKEY                                                                       PETITIONER
Reg # 16548-021

VS.                                       2:15CV00098 JM/JTR

C. V. RIVERA, Warden,
Warden, FCI Forrest City                                                                RESPONDENT

## **RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### **I.     Background**

Before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Petitioner, William L. Gilkey ("Gilkey), an inmate in the Federal

1

Correctional Institution in Forrest City, Arkansas (FCI-FC").[1]  *Doc. 1*.  Gilkey argues that the Bureau of Prison ("BOP") has improperly denied him a *nunc pro tunc* designation. Before addressing Gilkey's habeas claim, the Court will review the relevant procedural history of the case.

On July 7, 2010, Gilkey was arrested and detained by Georgia state authorities in Glynn County on charges of theft by receipt of stolen property. *Doc. 6-1, at p. 7*.

On August 5, 2010, a federal grand jury in the Southern District of Georgia returned an indictment charging Gilkey with unlicensed dealing in firearms, carrying firearms during and in relation to drug trafficking. *United States v. William Lyndall Gilkey*, S.D. Georgia No. 2:10-CR-00033 ("*Gilkey I*"), at *Doc. 3*. On August 10, 2010, a writ of habeas corpus *ad prosequendum* was issued. *Gilkey I, Doc. 10*. On August 20, 2010, Gilkey was temporarily released from state custody via a federal writ to the United States Marshals Service ("USMS") in connection with his pending federal criminal charges. *Doc. 6-1 at pp. 9-10*.

On May 19, 2011, Gilkey was sentenced in *Gilkey I* to a term of sixty-months for using a firearm during a drug trafficking offense, a violation of 18

---

[1] Gilkey has also filed a supporting Memorandum of Law. *Doc. 2*. Respondent has filed a Response. Doc. 6.  The Court directed Gilkey to file a Reply by August 22, 2016, but no Reply has been filed. *Doc. 8*.

U.S.C. § 924(c).  The Judgment in *Gilkey I* states:  "This term shall not be served concurrently with any other term of imprisonment."  *Doc. 6-1 at p. 13*.

On May 19, 2011, with his federal charges resolved and the federal judgment lodged as a detainer, Gilkey was returned to state custody to address the pending state charges in *State of Georgia v. William L. Gilkey*, Superior Court of Glynn County, Georgia No. CR1100578-63 ("*Gilkey II*").  *Doc. 6-1, ¶ 9 at p. 10*.

On February 6, 2012, Gilkey was sentenced in *Gilkey II* to a ten-year term of confinement, with five-years to serve and five-years of probation.  *Docs. 2 at p. 4 & 6-1 at pp. 19-20*.  The final disposition in *Gilkey II* directed that Gilkey's state sentence would run concurrently with the federal sentence imposed in *Gilkey I*.  *Doc. 2 at p. 4*.

On May 8, 2013, Gilkey completed serving his sentence in *Gilkey II* and Georgia authorities released him to the custody of the USM to begin serving his federal sentence in *Gilkey I*.  *Doc. 6-1 at p. 22*.

The BOP calculated Gilkey's sixty-month federal sentence in *Gilkey I* as commencing on May 8, 2013, the date he was discharged from his state sentence in *Gilkey II* and placed in federal custody to begin serving his federal sentence.  The BOP's calculation gave Gilkey 271 days of credit for the time spent in state

custody, from August 21, 2010, through May 18, 2010, that was not credited against the state sentence. *Doc. 6-1 at pp. 24-25*.

In this § 2241 action, Gilkey argues that the BOP should have credited *all* time served on his state sentence toward his federal sentence. More specifically, Gilkey challenges the BOP's refusal to make a *nunc pro tunc* designation. For the reasons that follow, the Court finds that Gilkey's argument is without merit.

## II. Discussion

The calculation of a federal sentence is governed by 18 U.S.C. § 3585, which defines when a federal sentence "commences," and then establishes when a defendant is entitled to credit for time "spent in official detention prior to the date the sentence commences[.]" When multiple sentences are imposed on the same defendant, 18 U.S.C. § 3584 provides guidance regarding whether a sentence should be served currently or consecutively to a separate and undischarged term of imprisonment.

Under § 3585(a), a defendant's federal sentence "commences" when he "is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." Importantly, service of a federal sentence generally commences "when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States

merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013) (emphasis added).

In this case, because the State of Georgia was the first sovereign to take physical custody of Gilkey, on July 7, 2010, it obtained primary jurisdiction over him at that time.[2] The State of Georgia did not "relinquish" its primary jurisdiction until May 8, 2013, when Gilkey's state sentence expired and he was released to the custody of the USM. Thus, the BOP correctly determined that Gilkey's federal sentence "commenced" on May 8, 2013.

The BOP also correctly determined that Gilkey was not entitled to a retroactive concurrent (*nunc pro tunc*) designation. First, the default rule under 18 U.S.C. § 3584(a) is that multiple terms of imprisonment imposed at different times run consecutively absent an order from <u>the sentencing federal court</u> that the terms should run concurrently. *Elwell*, 716 F.3d 477, 482-84 (8th Cir. 2013).

Gilkey relies on the fact that the state court in *Gilkey II* expressed its desire that the state sentence should run concurrently to the federal sentence. The law is "well settled," however, that a "state court's intent [regarding] concurrent or

---

[2] As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

5

consecutive sentences] is not binding [on the federal courts or the BOP]." *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007). Additionally, in entering the Judgment in *Gilkey I*, the federal judge explicitly stated that the 60-month federal sentence "shall not be served concurrently with any other term of imprisonment." *Doc. 6-1 at p. 13*.

Additionally, the statute of conviction in this case, 18 U.S.C. § 924(c), provides for a mandatory minimum term of imprisonment of not less than 5 years. The statute specifically instructs that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed." 18 U.S.C. § 924(c)(1)(D). *See* BOP Program Statement 5160.05 at ¶ 7(e) ("No concurrent designation will be considered when statutory language mandates consecutive service").

Accordingly, the BOP did not abuse its discretion in denying Gilkey a *nunc pro tunc* designation. *See Fegans v. Norris*, *supra,* (the BOP's decision to deny a *nunc pro tunc* designation is reviewed for an "abuse of the agency's substantial discretion").

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner William L. Gilkey's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, *Doc. 2*, be

DENIED with prejudice.

DATED this 16th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE